**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| THOMAS H. REED, JR. & LORE REED | * |
| Plaintiffs | * |
| vs. | *   Civil Action No: 03CV360 |
| JAMES F. KNOTT REALTY GROUP, et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \*

**THE DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendants, James F. Knott Realty Group, James F. Knott Property Management Company' James F. Knott Development Company and Yellow Brick Road Limited Partnership, by and through their attorneys, Jane J. Gerbes and the Law Offices of Ileen M. Ticer and moves this Honorable Court, pursuant to Fed. R. Civ. P. 56(c), for Summary Judgment, and as grounds therefore, states as follows:

1. This action involves the injuries sustained by the Plaintiff on or about February 8, 2000, when he slipped and fell in a parking lot of a construction site located in Baltimore County.

2. There is no genuine dispute of material fact between the parties;

3. As set forth more specifically in the accompanying Memorandum in Support for Defendant's Motion for Summary Judgment, the facts, when viewed in the light most favorable to Plaintiff, entitle this Defendant to judgment against the Plaintiff as a matter of law.

WHEREFORE, Defendant prays:

1. That it's Motion for Summary Judgment be granted and Plaintiff's claim be dismissed, with prejudice;

2. And for such other and further relief as the Court deems just and proper.

Respectfully submitted,

__A/s/@ Jane Gerbes_____
Jane J. Gerbes, Esquire  #26217
Law Offices of Ileen M. Ticer
200 International Circle
Suite 4100
Hunt Valley, Maryland 21031
(410) 527-9026
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this __31st____ day of October, 2003, a copy of the aforegoing Motion was electronically mailed to the following:

Richard Oare, Esq.
1434 South George Street
York, Pennsylvania 17403
Attorney for Plaintiff

 _A/s/@ Jane Gerbes_____
JANE J. GERBES, #26217

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| THOMAS H. REED, JR. & LORE REED | * | |
| Plaintiffs | * | |
| vs. | * | Civil Action No: 03CV360 |
| JAMES F. KNOTT REALTY GROUP, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

## REQUEST FOR HEARING

The defendant, James F. Knott Realty Group, James F. Knott Property Management Company' James F. Knott Development Company and Yellow Brick Road Limited Partnership, hereby request a hearing on its Motion for Summary Judgment and any Response filed thereto.

                                                                                     __A/s/@ Jane Gerbes_____
                                                                                 Jane J. Gerbes, Esquire
                                                       Law Offices of Ileen M. Ticer
                                                                          200 International Circle
                                                                            Suite 4100
                                                                          Hunt Valley, Maryland 21031
                                                                           (410) 527-9026
                                                                           Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS H. REED, JR. & LORE REED   *

    Plaintiffs   *

vs.   *   Civil Action No: 03CV360

JAMES F. KNOTT REALTY GROUP, et al.*

    Defendants   *

                              *   *   *   *   *   *   *   *   *

## **POINTS AND AUTHORITIES**

Federal Rule Civil Procedure 56(c)

Beatty v. Trailmaster Prods., Inc., 330 Md. 726, 625 A.2d 1005 (1993).

Celotex Corporation v. Catrett   106 S. Ct. 2548 (1986).

Leannarda v. Landsburgh's Department Store, 260 Md. 701, 273 A. 2d 149 (1971).

Lexington Market Authority v. Appala, 233 Md. 444, 197 A. 2d 147 (1964).

Moulden v. Greenbelt Consumer Services, Inc., 239 Md. 229, 210 A. 2d 724 (1965).

Rawls v. Hochschild, Kohn & Co., 207 Md. 113, 113 A. 2d 405 (1955).

Sutherland Corp. v. Griffith, 332 Md. 704, 633 A. 2d 84 (1993).

Deposition of Thomas Reed at pages: 11,12,31,47,49,50,77,116,117,118

Affidavit of Stephen Endres

Affidavit of David McMasters

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS H. REED, JR. & LORE REED | * | |
| Plaintiffs | * | |
| vs. | * | Civil Action No: 03CV360 |
| JAMES F. KNOTT REALTY GROUP, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

## **ORDER**

UPON CONSIDERATION of the Defendants Motion for Summary Judgment and any Response filed thereto, it is this _____ day of _____, 2003,

ORDERED that the Motion be and same is hereby GRANTED and the Plaintiff's Complaint with respect the Defendants is DISMISSED with prejudice.

_____
Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS H. REED, JR. & LORE REED　　\*

　　Plaintiffs　　　　　　　　　　　　\*

vs.　　　　　　　　　　　　　　　　　\*　　Civil Action No: 03CV360

JAMES F. KNOTT REALTY GROUP, et al.\*

　　Defendants　　　　　　　　　　　　\*

\*　\*　\*　\*　\*　\*　\*　\*　\*

**MEMORANDUM IN
SUPPORT OF DEFENDANTS
MOTION FOR SUMMARY JUDGMENT**

　　　　James F. Knott Realty Group Partnership (hereinafter referred to as Realty Group), James F. Knott Property Management Company Partnership (hereinafter referred to as Management Co.), James F. Knott Development Company Partnership (hereinafter referred to as Development Co) and Yellow Brick Road Limited Partnership (hereinafter referred to as Yellow Brick) the Defendants, by and through its attorneys, Jane J. Gerbes and the Law Offices of Ileen M. Ticer, respectfully submit the following Memorandum in Support of their Motion for Summary Judgment.

**STATEMENT OF FACTS**

　　　　This litigation arises out of an incident, which took place on or about February 8, 2000. Thomas Reed, the plaintiff, has testified and/or pled that he was walking across a paved lot area behind a store known as Notes and Queries, in an industrial park in Baltimore County. He slipped and fell on an ice patch at approximately 8:30 a.m. As a result of the fall he sustained injuries.

The plaintiff was working as an employee of Keystruck Construction at the time of his accident. He has a Workers Compensation claim against Keystruck for this incident and has received benefits under that claim. (Reed depo. p. 11 - 12, l. 18 - 6 and McMasters affidavit)

The same liability allegations were made against each of the defendants -that each defendant owed a duty of care to the plaintiff, and breached the duty by failing to remove snow and ice. He claims that this negligence caused him to sustain his injuries.

In his deposition, Plaintiff states that he was aware of a snowfall at the site within the week prior to the accident date. (Reed depo. p. 31, l.9-12) On the morning of the accident, he arrived at work at approximately 6:45 a.m. (Reed depo. p. 47, l. 9-11) When he arrived there was snow pushed to the edge of the parking lot in front of the building. He did not see any ice in the front of the building. (Reed depo. p. 49-50, l. 10 - 3) Mr. Reed had not slipped in this area before, nor was he aware of anyone else slipping in the area. (Reed depo. p. 77, l. 9 - 13)

The fall occurred around 8:20 to 8:30 a.m. . (Reed depo. p. 116, l. 7) There was no precipitation on that day. . (Reed depo. p.116, l. 12-13) The nearest accumulation of snow was 10 to 15 feet from the area where he fell. . (Reed depo. p. 117, l. 7 - 11) On that morning he did not see any ice prior to his fall. . (Reed depo. p. 117, l. 19-21) Likewise, he had no knowledge that other entities or anyone else involved in this incident had any awareness of ice on the ground that morning. . (Reed depo. p. 118, l. 9-13)

### ARGUMENTS

*AS TO THE DEFENDANTS JAMES F. KNOTT REALTY GROUP, JAMES F. KNOTT PROPERTY MANAGEMENT COMPANY AND JAMES F. KNOTT DEVELOPMENT COMPANY*

**I.     PLAINTIFF FAILS TO ESTABLISH A DUTY OF CARE. - AS PROPERTY OWNER**

A plaintiff carries the burden of presenting sufficient evidence upon which a jury could reasonably find for the plaintiff. Beatty v. Trailmaster Prods., Inc., 330 Md. 726, 738-39, 625 A.2d 1005 (1993). The Defendant is entitled to judgment because Plaintiff has failed to meet this burden in pursuit of his negligence claim.

Plaintiff alleges that the Defendants had a duty to provide a safe means of egress and ingress to the Plaintiff and that they breached their duty by failing to have the premises cleared of snow and ice. While not specifically alleged, this infers that each defendant was the landowner of area where the plaintiff fell. There is uncontroverted evidence that the defendants James F. Knott Realty Group, James F. Knott Property Management Company and James F. Knott Development Company did not own the paved lot area, nor the adjoining building, where the plaintiff fell. (See Endres affidavit. Similar testimony was given in the deposition of David McMasters.) Absent such ownership, these defendants have no ownership responsibilities to a business invitee of the premises.

*AS TO ALL DEFENDANTS*

## II.   DEFENDANTS HAD NEITHER ACTUAL NOR CONSTRUCTIVE KNOWLEDGE OF THE ALLEGED DEFECTIVE CONDITIONS.

In considering a motion for summary judgment, the court must consider the facts stated and the proper inferences to be drawn therefrom. Even if we were to assume that the Plaintiff could show that the Defendants owed a duty to the Plaintiff, he must prove that the Defendants breached this duty of care and that this breach was the actual and proximate cause of his injuries. If the plaintiff fails to establish these essential elements, the defendant is entitled to judgment as a matter of law. Sutherland Corp. v. Griffith, 332 Md. 704, 633 A. 2d 84 (1993).

The Defendant is not the insurer of Mr. Reed's safety and the burden is upon him to show that the Defendant either created the dangerous condition of which he complains or had actual or constructive knowledge of its existence. Rawls v. Hochschild, Kohn & Co., 207 Md. 113, 113 A. 2d 405 (1955); Moulden v. Greenbelt Consumer Services, Inc., 239 Md. 229, 210 A. 2d 724 (1965); Lexington Market Authority v. Appala, 233 Md. 444, 197 A. 2d 147 (1964).

Actual knowledge means that the owner of the property or its agent actually knew of the dangerous condition. Constructive knowledge is determined on the basis of evidence showing the length of time prior to the happening of an accident that a dangerous condition existed. Constructive knowledge may be found where there has been no reasonable inspection of the premises to either remove or give warning to the public regarding possible dangers. However, the defective condition must have existed for a length of time sufficient to permit the party, tasked with a duty of inspection, to discover it in the course of a reasonable inspection. Leannarda v. Landsburgh's Department Store, 260 Md. 701, 273 A. 2d 149 (1971).

There is absolutely no evidence in this case that the defendants created the alleged dangerous condition, had knowledge of its existence, or, indeed, for how long the condition existed. The Plaintiff cannot state when the ice formed in the area or how long it had been there. He was not aware of the ice prior to his fall and is not aware that any of the defendants were aware of the ice prior to his fall.

Consequently, it cannot be established that even if the Defendants owed a duty to the Plaintiff, that the ice was there long enough so as to charge the Defendants with constructive knowledge of the condition as alleged by Plaintiff. There is no evidence to charge the defendants with notice, either actual or constructive, prior to the Plaintiff's fall. Accordingly, the Defendants are entitled to judgment as a matter of law.

*AS TO THE DEFENDANT JAMES F. KNOTT REALTY GROUP*

## III. JAMES F. KNOTT REALTY IS NOT A LEGAL ENTITY - MERELY A NAME OF CONVENIENCE

Per the uncontroverted testimony of Stephen Endres, (see Endres Affidavit) James F. Knott Realty is not a legal entity. It is a trade name for a group of related Knott entities. As no such entity exists, it clearly is not the owner of the land in question, nor had any management or other interest in the property.

## CONCLUSION

The defendants James F. Knott Realty Group, James F. Knott Property Management Company and James F. Knott Development Company are not the owners of the premises where the plaintiff fell. Plaintiff has failed to show that any of these Defendants owed a duty to the plaintiff, and therefore has failed to show a breach of any such duty. Therefore, these Defendants could not be negligent in failing to fulfill a non-existent duty.

Additionally, the Plaintiff has failed to prove notice of a defective condition, which is a necessary precursor to any breach of duty allegation. This applies to all of the defendants.

"[R]ule 56(c) mandates the entry of summary judgment after adequate discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. In such a situation there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corporation v. Catrett  106 S. Ct. 2548 (1986).

As there is no genuine dispute of material fact, the Defendant respectfully requests this Honorable Court grant summary judgment on behalf of this Defendant and dismiss all of Plaintiff's claims as a matter of law.

Respectfully submitted,

A/s/@  Jane Gerbes

Jane J. Gerbes