IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THOMAS H. REED, JR. & LORE REED** | : | |
| 805 Topper Street | : | |
| York, PA 17402 | : | |
| **Plaintiffs** | : | **Civil Action No. 03 CV 360** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES F. KNOTT REALTY GROUP** | : | **Jury Trial Demanded** |
| Serve: Ronald P. Fish, Resident Agent | : | |
| 300 E. Lombard Street | : | |
| Baltimore, MD 21202 | : | |
| | : | |
| **and** | : | |
| | : | |
| **JAMES F. KNOTT PROPERTY** | : | |
| **MANAGEMENT COMPANY** | : | |
| Serve: Ronald P. Fish, Resident Agent | : | |
| 300 E. Lombard Street | : | |
| Baltimore, MD 21202 | : | |
| | : | |
| **JAMES F. KNOTT DEVELOPMENT** | : | |
| **COMPANY** | : | |
| Serve: Ronald P. Fish, Resident Agent | : | |
| 300 E. Lombard Street | : | |
| Baltimore, MD 21202 | : | |
| **and** | : | |
| | : | |
| **YELLOW BRICK ROAD LIMITED** | : | |
| **PARTNERSHIP** | : | |
| Serve: Alan Harnik, Resident Agent | : | |
| 3418 University Place | : | |
| Baltimore, MD 21218 | : | |
| **Defendants** | : | |

## MOTION TO EXTEND DISCOVERY

Plaintiffs, by their attorney, Richard Oare, Esquire, files this motion and states in support

thereof the following:

1. On July 25, 2002, the <u>Plaintiff's Answers to Interrogatories Propounded by Defendant Hollins and Co.</u>, include but are not limited to the identification of eyewitnesses Stephen Shields and Bobby Glatfelter (Attached).

2. The August 14, 2002, deposition of Thomas Reed identified Steve Shields as fact witnesses (Deposition of Thomas Reed, pp. 36 at 19 – Attached).

3. The August 14, 2002, deposition of Thomas Reed identified Bobby Glatfelter as fact witnesses (Deposition of Thomas Reed, pp. 120 at 6 - Attached).

4. On or about June 4, 2003, the Defendants, through their attorney, stipulated to the incorporation of all Discovery responses in the matter of <u>Thomas H. Reed, Jr. & Lori Reed v. James F. Knott Construction Company, et al.</u>, docketed to No. 02-874, are incorporated into the instant matter, and are admissible to the extent and in the manner they would have been admissible in <u>Thomas H. Reed, Jr. & Lori Reed v. James F. Knott Construction Company, et al.</u> (<u>STIPULATION AS TO INCORPORATION OF DISCOVERY</u> - Attached).

5. On October 21, 2003, Defendants were notified in writing, through counsel, that Plaintiff added and expressed an intent to depose fact witnesses Steve Schields, Randy Mitzel, Lee Clark and Bobby Glatfelter (Attached).

6. October 24, 2003, (after the Discovery Deadline prescribed by the Scheduling Order) both Plaintiff and Defendant deposed Stephen A. Endres and David J. McMaster.

7. On November 14, 2003, Plaintiffs, through counsel, filed a <u>Responsive Brief to Defendant's Motion for Summary Judgment</u> along with the <u>Affidavits</u> of Steve Schields, Randy Mitzel, Lee Clark and Bobby Glatfelter.

WHEREFORE, Plaintiff, in the interest of justice, requests this Honorable Court extend

the Discovery deadline to thirty (30) days past the filing of this motion.

Date:11-14-03

                                        Respectfully submitted,


                                        _____A/s/@Richard Oare___
                                        RICHARD OARE, Esquire
                                        Attorney for Appellant
                                        1434 South George Street
                                        York, Pennsylvania 17403
                                        (717) 846-3000
                                        # 029852

## <u>CERTIFICATE OF SERVICE</u>

     I, Richard Oare, hereby certify that I this date served a true and correct copy of the within <u>Motion To Extend Discovery</u> upon all parties, through counsel, by electronic service as well as placing same in the U. S. Mail, First Class, Postage Pre-paid, addressed as follows:

**Jane Jensen Gerbes, Esquire**
LAW OFFICES OF ILEEN M. TICER
200 International Circle, Suite 4100
Hunt Valley, MD 21030
(for all defendants)

DATED: 11-14-03                        Signed,

                                      <u>A/s/@Richard Oare</u>
                                  RICHARD OARE, Esquire
                                  Attorney for Appellant
                                  1434 South George Street
                                  York, Pennsylvania 17403
                                  (717) 846-3000
                                  # 029852

1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF MARYLAND

 3

 4     THOMAS H. REED, JR., et al, :

 5              Plaintiffs         :

 6        vs.                      :   CIVIL ACTION NO.

 7     JAMES F. KNOTT CONSTRUCTION :   S-02-874

 8     COMPANY, INC., et al        :

 9              Defendants         :

10              --------------------

11

12              Deposition of THOMAS H. REED, JR., taken

13     on Wednesday, August 14, 2002, at 1:25 p.m., at

14     the Law Offices of Ferguson, Schetelich & Ballew,

15     100 South Charles Street, Baltimore, Maryland,

16     before CARLA M. SINCLAIR, Notary Public.

17              --------------------

18

19

20     Reported by:

21     CARLA M. SINCLAIR, RPR, CRR
```

36

1    ahead.

2         A.  Not offhand.

3         Q.  Do you where KLK Welding is located?

4         A.  No.

5         Q.  Had you ever worked with anyone from KLK

6    Welding before this incident?

7         A.  Yes.

8         Q.  Have you worked with anyone since?

9         A.  Yes.

10        Q.  Do you know anyone else  -- do you know

11   the name of anyone else that works for KLK

12   Welding?

13        A.  Works for them?

14        Q.  Yes.

15        A.  No.

16        Q.  Have you worked with  -- you mentioned

17   other persons working inside Notes & Queries

18   other than you and Randy?

19        A.  Yeah, Steve Shields.

20        Q.  Who is he with?

21        A.  At the time he was with Keystruct.

119

1      I realize it may not be totally accurate, it

2      looks like eight loading docks for the Notes &

3      Queries section.

4          A.  From what I remember.

5          Q.  I just want to make sure that's what

6      those were.

7             Got to ask you a couple more questions

8      about that comment about Knott, or your attorney,

9      or insurance rep, or somebody offering you some

10     money.  Did this conversation occur with you

11     directly?

12         A.  (Shaking head indicating no.)

13         Q.  You are shaking your head no?

14         A.  No.

15         Q.  Were you made aware of the conversation

16     with your attorney, is that what you are

17     referring to?

18         A.  Yes.

19         Q.  This is after the lawsuit was filed?

20         A.  Yes.

21         Q.  When you were asked before the people

1    who were at the scene afterwards, I'm looking at

2    the answers to interrogatories that you did, this

3    happens to be the set for Hollins & Company,

4    there's a few other names on here.  I want to

5    check with you.

6            You have a Bobby Gladfelter,

7    G-L-A-D-F-E-L-T-E-R, listed on here.  Who is

8    Bobby Gladfelter?

9        A.  He was a supervisor for Keystruct.

10       Q.  Was he there that morning?

11       A.  No.

12       Q.  So he was not an eyewitnesses to this?

13       A.  No.

14       Q.  We have to make that correction on the

15   answers to interrogatories.

16       A.  Is that for that day?

17       Q.  It says, state the name, address, and

18   telephone numbers of eyewitnesses to all or part

19   of the occurrence, and give the location of each

20   witness at the time of the occurrence.

21           So he was not there that day, is that

121

1    correct?

2        A.  Not that day.  That question was, you

3    can see, is vague.

4        Q.  I'm trying to figure out this stuff.

5            There's a Bruce Traggorth,

6    T-R-A-G-G-O-R-T-H.  Who is that?

7        A.  To my knowledge, he was another

8    superintendent for Knott.

9        Q.  Was he there that day?

10       A.  Not that I remember.

11       Q.  Do you know why he is listed?  Did you

12   have any conversation with him?

13       A.  He was just there off and on a couple

14   times we was there.

15       Q.  Do you know that he has any knowledge

16   whatsoever about your fall or the conditions

17   there that day?

18       A.  Other than if Knott told him or Dave

19   told him.  Other than that, I don't know if he

20   knows anything.

21       Q.  If one of them told him, you don't know

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS H. REED, JR. & LORI REED,  :
        Plaintiffs               :      Civil Action No.  S0CV 874
                                        :

v.                                   :
                                        :

JAMES F. KNOTT CONSTRUCTION   :      **Jury Trial Demanded**
COMPANY, INC.                   :
                                        :

and                                 :
                                        :

NOTES & QUERIES, INC.             :
                                        :

and                                 :
                                        :

HOLLINS & COMPANY, INC.,        :
                                        :

         Defendants            :

## PLAINTIFF THOMAS H. REED, JR.'S ANSWERS TO INTERROGATORIES PROPOUNDED BY DEFENDANT HOLLINS AND CO., INC.

### INTERROGATORIES

TO:       THOMAS H. REED, JR.

FROM:    HOLLINS & CO., INC.

       You are requested to answer the following Interrogatories:
       a.     These Interrogatories are continuing in character, so as to require you to file supplementary answers if you obtain further or different information before trial.
       b.     Where the names or identity of a person is requested, please state full name, home address, and also business address, if known.
       c.     Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

| 1996 | Total: $36,601 | Taxable: $22,251 Georgia |
| 1997 | Total: $40,264 | Taxable: $22,764 Georgia |
| 1998 | Total: $37,681 | Taxable: $19,781 Georgia |
| 1999 | Total: $42,254 | Taxable: $24,054 Georgia/Pennsylvania |
| 2000 | Total: $49,842 | Taxable: $31,292 Pennsylvania |
| 2001 | Total: $56,193 | Taxable: $36,993 Pennsylvania |

4.    State the names, addresses and telephone numbers of all eyewitnesses to all or part of the occurrence and give the location of each witness at the time of the occurrence.

Stephen Shields, 819 Prospect Street, York, Pennsylvania 17403 (717-843-1865), from Keystruct
Bobby Gladfelter (292-7943), 5071 N. Salem, Dover, PA
Randy, (717-235-2463) 4386 Copenhauer Road, Glenville, PA
Tractor trailer driver
Dave (Superintendent for Knott Construction)
Bruce Traggorth
Mike Deprospina
Manager of Notes and Queries
2 ladies working in Notes and Queries
2 ambulance workers

5.    Name all persons who were at or near the scene, and who arrived at the scene within one hour after the occurrence.

Same answer as to number 4 above;
Thomas Garver, Keystruct project manager, R.D. #7 Box 7731, Spring Grove, Pennsylvania 17362 (717-225-1556), to fill out accident report;
A worker's compensation representative to take photographs, etc.

6. .    State the name and address of any person or persons, not heretofore mentioned, who have personal knowledge of facts material to the accident or to the injuries and damages alleged to be caused by this accident, including persons who investigated the cause and circumstances of the accident for you.

Penn National Insurance took photographs: Lisa Murr (717-230-8200);
Franklin Square Emergency Room personnel;
York Hospital personnel;
Dr. Douglas J. Hoffman;

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

.OMAS H. REED, JR. & LORI REED,                      :
       Plaintiffs                                        :          Civil Action No.  S0CV 874
                               :
v.                                                                                :
                               :
JAMES F. KNOTT CONSTRUCTION                          :          Jury Trial Demanded
COMPANY, INC.                                                    :
                               :
and                                                               :
                               :
NOTES & QUERIES, INC.                                         :
                               :
and                                                               :
                               :
HOLLINS & COMPANY, INC.,                                     :
                               :
       Defendants                                        :

## VERIFICATION

    I, Thomas Reed, hereby verify that the facts set forth in the within Answers to
Interrogatories are true and correct to the best of my information, knowledge, and
belief.

                                         Thomas Reed
                                         Plaintiff

DATED: 7-25-02

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS H. REED, JR. & LORE REED
10 West Jackson Street
Spring Grove, PA 17362,
        **Plaintiffs**

:
:
:
:
:

      Civil Action No.  03 CV 360

v.

:
:
:

JAMES F. KNOTT REALTY GROUP
Serve: Ronald P. Fish, Resident Agent
      300 E. Lombard Street
      Baltimore, MD 21202

:
:
:
:
:

      Jury Trial Demanded

and

:
:

JAMES F. KNOTT PROPERTY
MANAGEMENT COMPANY
Serve: Ronald P. Fish, Resident Agent
      300 E. Lombard Street
      Baltimore, MD 21202

:
:
:
:
:
:

JAMES F. KNOTT DEVELOPMENT
COMPANY
Serve: Ronald P. Fish, Resident Agent
      300 E. Lombard Street
      Baltimore, MD 21202
and

:
:
:
:
:
:

YELLOW BRICK ROAD LIMITED
PARTNERSHIP
Serve: Alan Harnik, Resident Agent
      3418 University Place
      Baltimore, MD 21218
          **Defendants**

:
:
:
:
:
:
:

## STIPULATION AS TO INCORPORATION OF DISCOVERY

WHEREAS, the Plaintiffs herein were involved in other litigation before this

Court factually related to the instant matter, that other litigation having been docketed

to No. 02-874, and captioned as <u>Thoms H. Reed, Jr. & Lori Reed v. James F Knott Construction</u>

Company, et al.;

WHEREAS, the parties wish to reduce administrative time and cost in litigating the instant matter;

## THE PARTIES HERETO, INTENDING TO LEGALLY BOUND HEREBY, STIPULATE AS FOLLOWS:

1.    All discovery responses served in the matter of <u>Thoms H. Reed, Jr. & Lori Reed v. James F Knott Construction Company, et al.</u>, docketed to No. 02-874, are incorporated into the instant matter, are admissible to the extent and in the manner that they would have been admissible in <u>Thoms H. Reed, Jr. & Lori Reed v. James F Knott Construction Company, et al.</u>, and will be deemed to be of the same force and effect.

2.    The parties hereto are free to pursue further discovery herein to the extent not duplicative.

_____
Jane J. Gerbes, Esq.
Counsel for
JAMES F. KNOTT REALTY GROUP,
JAMES F. KNOTT PROPERTY
MANAGEMENT COMPANY,
JAMES F. KNOTT DEVELOPMENT
COMPANY, and
YELLOW BRICK ROAD LIMITED
PARTNERSHIP
Date: ____6/4/0 3____

_____
Richard Oare, Esq.
Counsel for
Thomas H. Reed and Lore Reed

Date: _____

_____
Thomas H. Reed

Date: _____

_____
Lore Reed

Date: _____

2

**LAW OFFICES OF RICHARD OARE**                     *Richard Oare, Esquire*

*Admitted in MD & PA*

1434 South George Street
York, PA  17403                          Peggy S. Welsh, Practice Assistant
Office:  (717) 846-3000                     Douglas Thomas, Law Clerk
Fax:  (717) 846-3434                   *Sean E. Page, MSN, Nurse Consultant*

October 21, 2003

Jane Jensen Gerbes, Esquire
Law Offices of Ileen M. Ticer
200 International Circle, Suite 4100
Hunt Valley, MD  21030

Re:  Tom H. Reed, Jr., and Lori Reed v.
     James F. Knott Realty Group, et al.

Dear Jane:

I want to notify you of additional witnesses.  I intend this letter to serve as an informal addition to discovery served upon plaintiffs regarding witnesses for trial.  I want to add as fact witnesses Steve Schields, Randy Mitzel, Lee Clark and Bobby Glatfelter.  All of these are individuals who are working for Keystruct, Tom Reed's employer on the day of the accident, February 8, 2000.  These witnesses can testify as to the weather conditions on the days immediately proceeding the accident as well as the day of the accident and can also testify as to what efforts they observed regarding removal of ice, warnings about icy conditions, and observations made immediately post accident of a Knott employee respecting efforts to ameliorate the icy walking surface at or near the location where Tom Reed fell.

I am sure you will want to take their deposition and, therefore, invite you to give me a date and time when they can be disposed at your office in Hunt Valley.

Very truly yours,

Richard Oare

RO: kem
Cc:  Tom Reed
*RO/Reed.Gerbes.ltr.10.21.03*

*Limited Practice:  Personal Injury, Wrongful Death, Health Insurance Law*